IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE MARIE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-01255 |
| | ) | |
| NANCY A. BERRYHILL, | ) | (MANNION, J.) |
| Acting Commissioner of | ) | (ARBUCKLE, M.J.) |
| Social Security, | ) | |
| | ) | **[FILED VIA ECF]** |
| Defendant. | ) | |

## **PLAINTIFF'S STATEMENT OF ERRORS**

The ALJ's denial of disability benefits is erroneous for the reasons that follow:

1. The ALJ committed reversible error in failing to analyze Plaintiff's mental impairment using the special technique required by 20 C.F.R. § 1520a despite implicitly finding Plaintiff's mental impairment to be medically determinable.

2. The ALJ's residual functional capacity assessment cannot be supported by substantial evidence as the ALJ failed to weigh several medical opinions of record; the ALJ failed to discuss, consider, or weigh three separate opinions: (1) that of Dr. Cooper, the first IME physician (Tr. 667); (2) that of Dr. Sexton, the second IME physician (Tr. 844); and, (3) that of Dr. Perch, the state agency consulting psychologist. (Tr. 104-105).

3. The ALJ's residual functional capacity assessment cannot be supported by substantial evidence as the ALJ's purported basis for rejecting Ms. Evans's five pound lifting restriction relies upon extra-record evidence not adduced at hearing; the ALJ's residual functional capacity assessment cannot be supported by substantial evidence as the ALJ erroneously concluded that Plaintiff's hobbies conflict with a five pound lifting restriction imposed by her physicians.

2

Dated:  November 7, 2018                    Respectfully submitted,
                                            s/ Patrick J. Best, Esq.
                                            Patrick J. Best