# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE MARIE EVANS** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1255 |
| v. | : | (JUDGE MANNION) |
| **ANDREW M. SAUL**[1] | : | |
| Defendant | : | |

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge Martin C. Carlson ("Report"), which recommends that the decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff Christine Marie Evans' ("Evans") claims for Disability Insurance Benefits ("DIB") be vacated. (Doc. 17). Neither party has filed objections to the Report. Based on the court's review of the record in this matter, the Report is adopted in its entirety and the decision of the Commissioner is vacated.

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019. The court has substituted him with the previous defendant in this action under Federal Rule of Civil Procedure 25(d).

that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b); advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

On April 5, 2017, Evans application for DIB was denied by an Administrative Law Judge ("ALJ"). (Doc. 8-2, at 38-48). The ALJ's decision became the final decision of the Commissioner. Evans appeals the decision arguing that the ALJ erred by failing to analyze Evans' mental impairment using the required technique, failing to weigh several medical opinions, and rejecting Evans' five-pound lifting restriction with evidence not adduced at the hearing. (Doc. 11). In considering Evans' claims, Judge Carlson determined that the ALJ's decision was not supported by substantial evidence. Specifically, Judge Carlson states that "the ALJ erred in claiming that Evans had not been diagnosed with a mental health impairment" and in

rejecting "well-documented lifting restrictions, with no reason given for discounting at least three medical opinions which confirmed those work-preclusive lifting restrictions." (Doc. 17, at 20-21). Accordingly, Judge Carlson recommends that the decision of the Commissioner be vacated and that this case be remanded to the Commissioner to conduct a new administrative hearing. (Doc. 17, at 23).

The court has reviewed the entire Report of Judge Carlson and agrees with the sound reasoning, which led him to his recommendation. As such, the court adopts the Report of Judge Carlson as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Carlson (Doc. 17) is **ADOPTED IN ITS ENTIRETY**;

**(2)** The decision of the Commissioner denying Evans' claim for DIB is **VACATED**;

**(3)** This case is **REMANDED** to the Commissioner to develop the record fully, conduct a new administrative hearing, and appropriately evaluate the evidence in accordance with Judge Carlson's Report; and

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ <i>Malachy E. Mannion</i><br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**DATE: August 14, 2019**
18-1255-01